USCA1 Opinion

 

 [Not for Publication] United States Court of Appeals For the First Circuit ____________________ No. 97-1286 UNITED STATES, Appellee, v. GLENN P. LACEDRA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Donald R. Furman, Jr. for appellant. _____________________ Robert E. Richardson, Assistant United States Attorney, with whom ____________________ Donald K. Stern, United States Attorney, was on brief for appellee. _______________ ____________________ December 1, 1997 ____________________ Per Curiam. Defendant-appellant Glenn P. LaCedra Per Curiam. __________ appeals his jury convictions for possession of an unlawfully made destructive device under 26 U.S.C. 5861(c) and possession of a destructive device not registered to him in the National Firearms Registration and Transfer Record pursuant to the requirements of 26 U.S.C. 5861(d). He contends that the statutory obligations to apply for permission to make, and to register, a pipe bomb constitute a violation of his Fifth Amendment privilege against self- incrimination. LaCedra also appeals from his sentence, arguing that the district court clearly erred in finding that he created a substantial risk of death or serious bodily injury to another and attempted to commit first-degree murder. We affirm. Beginning with the sentencing issues, it is apparent to us that the district court committed no clear error. The court adopted the findings of defendant's Presentence Report (PSR),1 which were based on evidence that  ____________________ 1. The PSR determined defendant's preadjustments offense level through two separate routes. It first applied U.S.S.G. 2K1.4, covering arson and property damage by use of explosives, to recommend a base offense level of 24 under  2K1.4(a)(1)(A) on a finding that defendant "knowingly" created a substantial risk of death or serious bodily injury. Based on the premise that defendant had intended to commit murder, the PSR applied U.S.S.G. 2K1.4(c) to cross reference 2K1.4(a)(1)(A) with U.S.S.G. 2A2.1(a)(1), the attempted murder guideline, thereby increasing defendant's base offense level to 28.  The PSR also alternatively calculated defendant's offense level under U.S.S.G. 2K2.1, covering the unlawful -2- 2 showed, among other things, that after the victim spurned defendant's persistent advances, LaCedra placed a pipe bomb under her car near the gas tank. To create an ignition device, he wrapped the bomb's fuse several times around the vehicle's exhaust pipe, a "source of significant heat" when the car was running. Further, the evidence showed that defendant was familiar with bombmaking and that, in fact, the positioning of the bomb under the victim's car was seemingly designed to cause the gas tank to explode, raising the potential for additional damage. This and other evidence, including a detailed diagram that defendant drew showing the placement of a pipe bomb under the victim's car, provided ample basis for the court to determine, by a preponderance of the evidence, that defendant had attempted to murder the victim and that the object of the offense would have constituted first-degree murder. Defendant's contentions that he intended only to scare the victim and that the bomb may well have never exploded even had it not been noticed and removed do not undermine the court's conclusion. We end our analysis here because our resolution of the attempted murder  ____________________ possession of firearms, to arrive at a base level of 18, which it then augmented six levels pursuant to 2K2.1(b)(3) and (b)(5), and similarly cross-referenced under 2A2.1 to arrive at the same offense level of 28.  The PSR concluded with a recommendation that the base offense level of 28 be enhanced two levels because of defendant's attempt to obstruct justice during his trial, an enhancement not contested by defendant. See U.S.S.G.  ___ 3C1.1.  -3- 3 issue also disposes of defendant's argument that he did not knowingly create a substantial risk of death or serious bodilyinjuryto anotherforpurposes ofU.S.S.G. 2K1.4(a)(1)(A). Proceeding to defendant's constitutional issues, we summarily note that 26 U.S.C. 5861(c) and 5861(d) do not violate the Fifth Amendment. The Supreme Court has explicitly held that 5861(d) satisfies the Fifth Amendment. See United States v. Freed, 401 U.S. 601, 605-07 (1971). The ___ _____________ _____ reasoning in Freed can be applied also to 5861(c). The _____ National Firearms Act places no obligation on a firearm possessor, qua possessor, to seek to register a firearm. If, ___ as the evidence indicates, defendant made the pipe bomb at issue, then he was required to submit an application to the Bureau of Alcohol, Tobacco and Firearms before making the bomb. Applying to make the device is a legal act, and had defendant done so, his Fifth Amendment rights would not have been implicated for the simple reason that his application would have been denied. Affirmed. Affirmed ________ -4- 4